UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Alisha Kei Martinez,

    Plaintiff,

v.                                                                                              Civil Case No. 20-10722

Washtenaw County Friend of the Court,            Honorable Sean F. Cox
*et al.*,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Alisha Kei Martinez ("Plaintiff"), proceeding *pro se*, sued Defendants, Washtenaw County Friend of the Court ("WCFC"), Lawanda Hines ("Hines"), and Nancy Krol ("Krol") (collectively "Defendants") for "fraud, constitutional tort, and deprivation of rights under color of law 42 U.S.C. 1983[.]" (ECF No. 15). The matter currently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 17). For the reasons set forth below, the Court **GRANTS** Defendants' motion.

### BACKGROUND

Plaintiff initiated this action by filing her original Complaint against Defendants on March 17, 2020. (ECF No. 1). In response, Defendants filed a motion to dismiss the first Complaint on December 1, 2020, to which this Court then allowed Plaintiff to file an amended complaint on January 11, 2021. (ECF No. 14-15).

The First Amended Complaint alleges violations of Plaintiff's Constitutional Fourth, Seventh, Thirteenth, and Fourteenth Amendment Rights. (ECF No. 15). Plaintiff's claims appear to arise from Defendants "ordering Plaintiff to pay money without a warrant" and "seiz[ing]

1

[Plaintiff's] annual tax return" and "harass[ing] [Plaintiff] by threats of warrants and license suspension." (ECF No. 15, at PageID 288, 290).

## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## ANALYSIS

Defendants correctly argue that Plaintiff's claims are barred because the WCFC and the Individual Defendants are entitled to Eleventh Amendment immunity.

The Eleventh Amendment bars civil rights actions against a state, its agencies, and its departments unless the state has waived its immunity and consented to suit, or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304,

105 L.Ed.2d 45 (1989). The Eleventh Amendment also immunizes state officials who are sued in their official capacities. See *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The WCFC is considered "an arm" of the Michigan 22nd Judicial Circuit Court, while such circuit courts are considered "arms" of the state, making them immune from suit. M.C.L. § 552.503(1); *see also Johnson v. Wayne County*, No. 13-14331, 2013 WL 5854441, (E.D. Mich, Oct. 30, 2013) at *2 ("Eleventh Amendment immunity bars suits against arms of the state, such as Michigan courts and, therefore, the Friend of the Court."). Therefore, Eleventh Amendment immunity shields WCFC from Plaintiff's claims. *Id.*

Plaintiff's First Amended Complaint also names Hines and Krol as Defendants in their "individual capacity." (ECF No. 15, at PageID 284). However, Plaintiff contradicts herself as she states that she is suing the Hines "in her Individual Capacity as a child support enforcement officer, and Krol "in her Individual Capacity as a [WCFC] Representative case manager" (ECF No. 15, at PageID 286).

"Friend of the Court employees are entitled to judicial or quasi-judicial immunity." *Johnson*, 2013 WL 5854441, at *3. *See Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir.1994) (explaining that "[i]t is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction" and that "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"); *Johnson v. Granholm,* 662 F.2d 449, 450 (6th Cir.1981) (concluding that immunity applies to Michigan Friend of the Court employees when performing their duties); *Nowicki v. Bruff,* No. 95–2233, 1996 WL 694141, at *2 (6th Cir.

3

Dec.3, 1996) (unpublished opinion) (holding that eight Macomb County Friend of the Court employees sued by the plaintiff were entitled to quasi-judicial immunity from suit for money damages). In determining whether an action was taken in a defendant's official judicial capacity, the relevant inquiry is nature and function of the defendant's action, not the 'act itself." *Mireles v. Waco*, 502 U.S. 9, 13 (1991). An action is 'judicial' if is "a function normally performed by a judge." *Id*. at 12.

Here, Plaintiff alleges that Hines and Krol "order[ed] Plaintiff to pay money without a warrant from an Article 3 court, and to seize plaintiff's annual income tax returns[.]" (ECF No. 15, at PageID 288, 291). Plaintiff further alleges that Hines and Krol "signed off on" and "enforced" an order that violates her constitutional rights. (ECF No. 15, at PageID 290, 293). As stated on the WCFC's website, "[t]he Friend of the Court assists the court by helping resolve domestic relations disputes, and enforcing the court's orders for custody, parenting time, and support[.]" *Friend of the Court*, Washtenaw County Michigan, https://www.washtenaw.org/1037/Friend-of-the-Court (last accessed August 10, 2021). Signing off on and enforcing WCFC orders are clearly within the duties of Hines' and Krol's jobs at WCFC. Therefore, Hines and Krol are also entitled to Eleventh Amendment immunity and are immune from suit.

## CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss Plaintiff's First Amended Complaint because Defendants are entitled to Eleventh Amendment immunity.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 24, 2021